UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  23-CV-80916-AMC

LISANDRO ROVIRA,
on behalf of himself and all
others similarly situated,

                    Plaintiff,

vs.

TRATTORIA ROMANA, INC.,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS [ECF No. 22]

Plaintiff worked as a server at the Defendant restaurant. He now claims that he (and other similarly situated servers) were not paid the correct wages. He has filed an eleven-count Complaint alleging violations of the Florida Minimum Wage Act (FMWA) (Counts I, III, V, VII, IX) and the Fair Labor Standards Act (FLSA) (Counts II, IV, VI, and VIII, X, XI). The Complaint alleges five theories of minimum wage violations: (1) failure to give proper notice that Defendant was using a tip credit to calculate hourly wages (Counts I and II), (2) requiring servers to spend more than 20% of their time on non-tipped work (Counts III and IV), (3) requiring servers to spend more than 30 continuous minutes on non-tipped work (Counts V and VI), (4) using tips to pay for restaurant expenses (Counts VII and VIII), and (5) sharing tips

with ineligible employees (Counts IX and X). Plaintiff also alleges a failure to pay overtime, as required by the FLSA (Count XI).

Defendant moves to dismiss Counts III-XI of the Complaint for failure to state a claim upon which relief can be granted. ECF No. 22. It moves to dismiss all counts to the extent they allege willful violations of the FLSA and FMWA.

I have reviewed the Motion to Dismiss, the Response, and the Reply. ECF Nos. 22, 51, 55. This matter is ripe for decision.

## I.    LEGAL PRINCIPLES

### A.  *Motion to Dismiss for Failure to State a Claim*

Under Federal Rule of Civil Procedure 8(a)(2), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the

defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U. S. at 678 (citing *Twombly*, 550 U. S. at 570). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

With limited exceptions, the Court looks only to the allegations in the complaint, any documents appended to the complaint or incorporated by reference into it, and any judicially-noticed facts. *Reed v. Royal Caribbean Cruises Ltd.*, 618 F. Supp. 3d 1346, 1355 (S.D. Fla. 2022); *U.S. ex rel. Osheroff v. Humana Inc.*, 776 F.3d 805, 811 (11th Cir. 2015). The Court also may consider other documents whose

authenticity is undisputed and which are central to the claims in this matter. *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005).

### B. FLSA

The FLSA requires employers to pay a federal minimum wage to any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. §206(b). An employer can apply a "tip credit" for an employee who "customarily and regularly receives more than $30 a month in tips." 29 U.S.C. §§203(m)(2)(A), (t). Under the tip credit, the employee can be paid wages less than the minimum so long as the employee's wages plus tips equal or exceed the minimum. 29 U.S.C. §206(m)(2)(A). The employer must notify the employee that the tip credit is being used. *Id*. And, "all tips received by such employee [must be] retained by the employee." *Id*.[1] Finally, the employer "may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips." 29 U.S.C. §206(m)(2)(B).

### C. Department of Labor Regulations

The Department of Labor has adopted regulations specifying the kind of notice that the employer must give the tipped employee. 29 C.F.R. §531.59(b). A separate regulation that took effect on December 28, 2021, codified an 80/20 Rule and a 30-minute rule. 29 C.F.R. §531.56.

---

[1] The FLSA allows for tip pooling among "employees who customarily and regularly receive tips." 29 U.S.C. §203(m)(2)(A)(ii). That provision is not at issue, here.

> An employer "may only take a tip credit for work performed by a tipped employee that is part of the employee's tipped occupation.
>
> (1) Work that is part of the tipped occupation [includes]:
>
> (i) Work that produces tips; and
>
> (ii) Work that directly supports the tip-producing work, if the directly supporting work is not performed for a substantial amount of time."

§531.56(f)(1).

For a restaurant server, "directly supporting work . . . includes dining room prep work, such as refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting or bussing tables." §531.56(f)(3)(ii). Different conduct can qualify as "directly supporting work" for bartenders and bussers. *Id.* "Directly supporting work" is sometimes called "side work."

For purposes of the regulation, a "substantial amount of [non tip-producing] time" means (1) more than 20 percent "of the hours in the workweek for which the employer has taken a tip credit," §531.56(f)(4)(i), or "a continuous period of time that exceeds 30 minutes." §531.56(f)(4)(ii). The employer cannot take the tip credit for any side work that exceeds the 20% or 30 minute thresholds.  §531.56(f)(4). These limits are called, respectively, the 80/20 Rule and the Continuous Work Rule.

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear." The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are

5

> specifically required for the performance of the employer's particular
> work, there would be a violation of the Act in any workweek when the
> cost of such tools purchased by the employee cuts into the minimum or
> overtime wages required to be paid him under the Act. See also in this
> connection, § 531.32(c).

29 C.F.R. § 531.35.

*D. FMWA*

Florida's Constitution and the FMWA require payment of a minimum wage. The FMWA specifically incorporates portions of the FLSA and its implementing regulations. Florida Statute §448.110(3) says, "Only those individuals entitled to receive the federal minimum wage under the federal Fair Labor Standards Act, as amended, and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section."

Article 10, Section 24, of the Florida Constitution requires "Employers" to pay "Employees" a "Minimum Wage." Fla. Const. art. X, § 24(c). It incorporates the FLSA definitions of "Employer," "Employee," and "Wage." *Id.* at § 24(b). It also says, "For tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the Minimum Wage tips up to the amount of the allowable FLSA tip credit in 2003." § 24(c). "It is intended that case law, administrative interpretations, and other guiding standards developed under the federal FLSA shall guide the construction of this amendment and any implementing statutes or regulations." § 24(f).

> Accordingly, to prevail on a claim for payment of minimum wages under
> the FMWA, a plaintiff must first establish the same three elements
> required under the FLSA: that the plaintiff was employed by an
> employer covered by the FLSA during the time period involved; that the
> plaintiff was engaged in commerce or production of goods for commerce

or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by law.

*Kwasnik v. Charlee Fam. Care Servs. of Cent. Fla., Inc.*, No. 608-CV-926-ORL-31KRS, 2009 WL 1607809, at \*4 (M.D. Fla. June 9, 2009).

*E. Validity of, and Deference to, Federal Regulations*

Regulations promulgated through a formal notice and comment process have the "force and effect of law." *Chrysler Corp. v. Brown*, 441 U.S. 281, 303 (1979) (as cited in *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015)). They have "controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." *Jackson v. Advance Auto Parts, Inc.*, 362 F. Supp. 2d 1323, 1332, n.23 (N.D. Ga. 2005) (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844 (1984)).

An administrative agency may have the power to issue regulations "to fill any gap left, implicitly or explicity, by Congress." *Chevron,* 467 U.S. at 843 (quoting *Morton v. Ruiz,* 415 U.S. 199, 231 (1974)). When a regulation relates to an ambiguous or undefined statutory term, Courts must give so-called *Chevron* deference to the agency's reasonable interpretation of the statute. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1299 (11th Cir. 2011) (citing *Chevron*); *Martin v. Soc. Sec. Admin., Comm'r,* 903 F.3d 1154, 1159 (11th Cir. 2018) (same). If the agency then further interprets its own ambiguous regulations, that interpretation may be entitled to so-called *Auer* deference. *Kisor v. Wilkie*, 588 U.S. __, 139 S. Ct. 2400, 2408, 204 L. Ed. 2d 841 (2019); *Auer v. Robbins,* 519 U.S. 452 (1997). Finally, under so-called *Skidmore* deference,

"rulings, interpretations and opinions of the Administrator under this Act (Fair Labor Standards Act), while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance. The weight of such a judgment in a particular case will depend upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control."

*Foremost Dairies, Inc. v. Wirtz,* 381 F.2d 653, 659-60 (5th Cir. 1967) (quoting *Skidmore v. Swift & Co.,* 323 U.S. 134 (1944)); *see Martin,* 903 F.3d at 1159.

## II.    DISCUSSION

### A. Specificity

Defendant says Counts VII, VIII, and XI must be dismissed because they do not specify the dates when the alleged violations occurred. ECF No. 22 at 4-5, 9-10. Defendant also says Counts IX and X should be dismissed because they do not specify the managers, supervisors, and other employees in the allegedly-improper tip pool. ECF No. 22 at 10-11.

In response, Plaintiff says this level of detail is not required. ECF No. 51 at 10-12. He cites Paragraphs 68-72 and 249-297. Paragraph 68 alleges, "During all times material hereto, Defendant requires servers to use the tips that they received directly from customers to cover costs associated with breakage and/or other restaurant costs." Paragraph 69 says, "Specifically, in at least one or more workweeks during the relevant time period, Defendant required Plaintiff and other servers similarly situated to surrender their tips to the restaurant in order to cover the cost of wine bottles that were broken during the course of business." Paragraph 299 says Defendant "requir[ed] servers to share their tips with non-tipped employees (such as

supervisors and/or managers)." Paragraph 339 says Defendant "unlawfully permitted non-tipped employees (such as supervisors and/or managers) to participate in Defendant's tip pool along with servers." These paragraphs contain factual allegations entitled to the assumption of truth. When viewed in the light most favorable to Plaintiff, they adequately allege violations of the FLSA and FMWA. No further specificity is required. *Sec'y of Lab. v. Labbe*, 319 F. App'x 761, 763–64 (11th Cir. 2008).

### B.    *Class/Collective Allegations*

Count XI references Defendant's "similarly situated employees" who were not servers. ¶¶ 349-351. Defendant says that aspect of the complaint must be dismissed because it does not "identify[] who these 'similarly situated' employees are and how they are 'similarly situated' to Plaintiff." ECF No. 22 at 7. Plaintiff responds that the Complaint is limited only to servers, citing Paragraph 355. ECF No. 51 at 12. Therefore, this issue is moot.

### C.    *Willfulness*

Defendant says that the Complaint does not allege plausible claims that Defendant willfully violated the FLSA and the FMWA. In his Response, Plaintiff cites Paragraphs 36, 99, 102, and 147-48 as factual allegations that imply willfulness. ECF No. 51 at 13.

Under these statutes, an employer acts willfully if it knows its conduct is prohibited or recklessly disregards whether its conduct is prohibited. *Morgans v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1280 (11th Cir. 2008). Even though a defendant's state of mind "may be alleged generally," Fed. R. Civ. P. 9(b), a complaint

must contain enough facts to plausibly imply that the defendant had the required state of mind. A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678. Here, the alleged misconduct is a willful violation of the minimum wage statutes.

The cited paragraphs do not plausibly allege willfulness. Paragraph 36 alleges that Defendant failed to maintain proper time records. Paragraph 99 says Defendant "had express or constructive knowledge" of the time being worked but "failed to keep and maintain accurate time records." The mere failure to maintain accurate time records does not imply willfulness because there is an equally plausible inference of negligent conduct. Paragraph 102 summarily says that Defendant was aware of the requirements of the FLSA and FMWA, and that Defendant "willfully and/or intentionally" failed to pay proper wages. This paragraph is a factually unadorned formulaic recitation of the elements of the cause of action. Paragraphs 147-48 also summarily allege that Defendant acted willfully and deliberately, with no factual support.

Plaintiff relies on Judge Reid's decision in *Fernandez v. Grand Havana, Inc.,* 2023 WL 4014800 (S.D. Fla. April 4, 2023) for the proposition that willfulness should be decided later. ECF No. 51 at 12-13. Plaintiff ignores that Judge Reid conducted the *Iqbal/Twombly* analysis. She said, "Although factually sparse, Plaintiff has sufficiently alleged willfulness." 2023 WL 4014800 at *4. Having determined that the complaint adequately pled willfulness, she correctly allowed discovery before

resolving the merits. Here, Plaintiff has not met the minimum pleading requirement, so *Fernandez* is distinguishable.

Even though the Complaint fails to plead willfulness, it should not be dismissed. It adequately states a claim for non-willful violations.

### D.     *Counts III-VI*

Defendant says Counts III-VI allege a single cause of action that has been separated into multiple counts. Defendant does not cite any authority for why it is improper to plead separate legal theories in different counts. Here, Counts III and IV allege overtime violations based on the 80/20 Rule. Counts V and VI allege overtime violations based on the Continuous Work Rule. Different facts and different elements are required to prove each set of violations, so they are separate claims for relief. Therefore, pleading them in separate counts is consistent with the requirements of Rule 10(b): "If doing so would promote clarity, each claim founded on a separate transaction or occurrence — and each defense other than a denial — must be stated in a separate count or defense."

### E. *Validity of the Continuous Work Rule*

Defendant says, "[T]his Court should not give deference to [the Continuous Work Rule] because no court in this Circuit has, it is inconsistent with the FLSA, and not persuasive, ambiguous, and completely impractical." ECF No. 22 at 12. Defendant then argues that neither *Auer* deference nor *Skidmore* deference applies. *Id.* at 13-17.

Plaintiff responds, "Defendant does not argue that the 2021 Amendment is arbitrary, capricious, or manifestly contrary to the statute, and therefore abandons

11

any such argument." ECF No. 51 at 16.  Plaintiff also correctly notes that Defendant did not address whether *Chevron* deference applies. *Id*. at 15-16. Finally, Plaintiff argues, "Further analysis of *Auer* deference is unnecessary because there is simply no agency interpretation of a regulation at issue in this case." *Id*. at 17.

Plaintiff is correct on all of these points. As discussed above, the Continuous Work Rule was created in 2021 through Department of Labor rulemaking. Plaintiff does not rely on any interpretation of this Rule, so *Auer* does not apply.

Defendant incorrectly cites *Rest. L. Ctr. v. United States Dep't of Lab.*, 66 F.4th 593, 599 (5th Cir. 2023) for the proposition that the Continuous Work Rule is unenforceable. ECF No. 22 at 12-13. There, plaintiffs sued to enjoin the CWR. The trial court denied the injunction. It assumed, without deciding, that the plaintiff was likely to succeed on the merits but found no irreparable injury. The Fifth Circuit reversed and remanded. It did not address the likelihood of success on the merits. *Id*. at 597. On remand, the trial court upheld the validity of the Continuous Work Rule. 2023 WL 4375518 (W.D.  Tex. July 6, 2023).

Plaintiff also cites *Rafferty v. Denny's Inc.,* 13 F.4th 1166 (11th Cir. 2021). That case does not apply here. It addressed a 2018 Opinion Letter, not a regulation adopted through notice and comment like the 2021 regulation that first created the Continuous Work Rule.

*Supplemental Jurisdiction*

Defendant argues that the Court should decline to exercise supplemental jurisdiction over the FMWA claims.

Title 28, United States Code, Section 1367(a) creates supplemental subject matter jurisdiction. It says:

> (a)    Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C § 1367(a). Section 1367 is "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005) (*cited in PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1310 (11th Cir. 2016)). Nevertheless, a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). The decision whether to decline supplemental jurisdiction is within the sound discretion of the trial court. *See Utopia Provider Sys., Inc. v. Pro-Med Clinical Sys., L.L.C.*, 596 F.3d 1313, 1328 (11th Cir. 2010).

Applying these factors, the Court should exercise supplemental jurisdiction. As discussed above, Plaintiff has plausibly pled FLSA claims under this Court's federal question jurisdiction. Defendant has not argued that the FMWA claims

13

present a novel or complex issue of Florida law. Essentially the same facts will be used to try to prove the FLSA and FMWA claims, so the state law claims do not substantially predominate. The Court has not dismissed all of the FLSA claims. Essentially, Defendant says this Court should decline jurisdiction because there will be administrative difficulties in processing the state and federal claims together. ECF No. 22 at 17-19.  Even accepting the procedural differences in the respective laws, it does not justify declining supplemental jurisdiction.

## **RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court DENY the Motion to Dismiss (ECF No. 22).

## **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach

County, in the Southern District of Florida, this 25th day of January 2024.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE